# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD ENRIQUE ULLOA, :

    Petitioner                :

                                          CIVIL ACTION NO. 3:13-2303

    v.                          :

                                          (Judge Mannion)

DILBERT G. SAUERS, Warden    :

    Respondent           :

## MEMORANDUM

### I.    Background

Petitioner, Richard Enrique Ulloa, an inmate currently confined in the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1, petition). He challenges the Bureau of Prisons' ("BOP") "wrongful removal of is liberty rights (via terminating his TRULINCS access)". Id. Specifically, he states that he was "convicted of mail fraud in 2011" and "was not convicted of computer or email fraud". Id. However, in February 2012, "the BOP abruptly ordered Ulloa's liberty rights to the use of TRULINCS terminated, stating 'it is determined that Ulloa's use of the TRULINCS system could threaten the safety, security, orderly running of the institution or the protection of the public or staff." Id. For relief, he seeks a Court order directing

the BOP to "reinstate [his] liberty rights access to TRULINCS and to refrain from continuing discrimination against Petitioner Ulloa." Id. A response (Doc. No. 8) and traverse (Doc. No. 9) having been filed, the petition is ripe for disposition.

## II. Discussion

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir.2002).

Respondent seeks dismissal of the instant action based on the fact that Petitioner's challenge to the BOP's decision to suspend his access to the inmate email system, is not a challenge to the fact or duration of his confinement. (See Doc. No.8). The Court agrees. Petitioner does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully. He does not seek release from prison, nor does he seek to be released sooner from prison. Rather, Petitioner complains that his suspension from the TRULINCS email system violates his constitutional

rights. This suspension, however, does not affect the length of his sentence. Significantly, Petitioner does not seek relief that would shorten the length of his current sentence and incarceration in prison. Nor does he seek release from prison by attacking the legality of his judgment or conviction. Accordingly, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993). Consequently, the petition will be dismissed without prejudice to any right Ulloa may have to reassert his present claims in a properly filed civil rights complaint.

## III. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. §2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a §2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000)(en banc) (certificate of appealability not required to appeal from denial of §2241 petition), *abrogated on other grounds by* Gonzalez v. Thaler, –––U.S. ––––, ––––, 132 S.Ct. 641, 649, 181 L.Ed.2d 619 (2012); Kornegay

3

v. Ebbert, 502 Fed.Appx. 131, 133 (3d Cir. 2012). Thus, the Court need not address this issue in the current action.

## IV. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 5, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-2303-01.wpd